IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| C.R.H., | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 4:26-CV-101 (CDL) |
| WARDEN, STEWART DETENTION CENTER, | * | |
| | * | |
| Respondent. | * | |

O R D E R

After a de novo review of the record in this case, the Report and Recommendation filed by the United States Magistrate Judge on July 30, 2026 is rejected. For the reasons set forth below, the Court denies Petitioner's application for habeas relief (ECF No. 1) to the extent that Petitioner has not established that he is entitled to a bond hearing. All other pending motions are terminated as moot. The remaining issue presented by Petitioner's habeas petition is whether Petitioner's parole was unlawfully revoked. Although the Court is skeptical that it has jurisdiction over this claim, the Court recognizes that the record is incomplete on this issue, and the Court remands this action to the Magistrate for further consideration.

DISCUSSION

Petitioner, a citizen of El Salvador, entered the United States at the San Ysidro Port of Entry in 2023. Gloster Decl.

¶ 8, ECF No. 6-1; Gloster Decl. Ex. F, Form I-213 (Mar. 19, 2023), ECF No. 6-7. Petitioner did not have valid documents to enter or reside in the United States, and he "applied for admission into the United States." Form I-213 at 2. Customs and Border Patrol concluded that Petitioner was not clearly and beyond a doubt entitled to be admitted, so it initiated removal proceedings against Petitioner by serving him with a Form I-862 Notice to Appear. *Id.*; Gloster Decl. ¶ 9; Gloster Decl. Ex. G, Form I-862 (Mar. 19, 2023), ECF No. 6-8. Petitioner was paroled into the United States pending his removal proceedings. Form I-213 at 2. When Petitioner reported for a routine appointment with Immigration and Customs Enforcement personnel in December 2025, his parole was revoked and Petitioner was arrested and detained. An immigration judge ordered Petitioner removed from the United States, and Petitioner timely appealed. His removal proceedings remain pending.

Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2) pending a final order of removal. That statute states that an "alien who is an applicant for admission" and is "an alien seeking admission . . . shall be detained" pending removal proceedings if he "is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Petitioner, on the other hand, argues that because he was arrested in the interior of the country (while paroled from detention after

applying for admission at a port of entry), he is detained under 8 U.S.C. § 1226(a), which permits a detainee to be released on bond.

Section 1225(b)(2) only requires detention of an "applicant for admission" who is "seeking admission." The Court previously recognized that there is a difference between an "applicant for admission" and an "alien seeking admission." *J.A.M. v. Streeval*, No. 4:25-CV-342, 2025 WL 3050094, at *3 (Nov. 1, 2025). The relevant statute broadly defines "applicant for admission" as an "alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2) only applies to an "applicant for admission" who is also an "alien seeking admission," and the Court found that the statutory language and the framework of the statute "are consistent with the interpretation that [§ 1225(b)(2)] applies to aliens who are actively seeking admission to the United States." *J.A.M.*, 2025 WL 3050094, at *3. In *J.A.M.*, the petitioner was present in the United States but had not been lawfully admitted, so he fell within the broad definition of "applicant for admission." *Id.* But the petitioner had entered the United States without inspection and had not attempted to be lawfully admitted, so the Court concluded that the petitioner in *J.A.M.* did not "qualify as an 'alien seeking admission' subject to mandatory detention." *Id.*

The Eleventh Circuit has also recognized the difference between an "applicant for admission" and an "alien seeking admission" and concluded that the mandatory bond provision of § 1225(b)(2) only applies to "applicants for admission who are 'seeking admission,'" not to applicants who did not "seek[] lawful entry into the United States after inspection by an immigration officer" and did not "tak[e] any cognizable step to obtain the rights and privileges of lawful entry." *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1262 (11th Cir. 2026). Thus, § 1225(b)(2)'s "no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id.*; *accord id.* at 1268 (stating that "the complete phrase 'an alien seeking admission' refers to an alien who is pursuing 'lawful entry . . . into the United States after inspection and authorization by an immigration officer'" (quoting 8 U.S.C. § 1225(b)(2)(A)). According to the Eleventh Circuit, § 1225(b)(2)(A) means that "arriving or present aliens who are seeking to be inspected and granted lawful entry must demonstrate that they are 'clearly and beyond a doubt entitled' to get it, else they will be detained and referred by the inspecting officer for a proceeding before an immigration judge to determine whether or not they are in fact entitled to lawful entry." *Id.* at 1269 (quoting 8 U.S.C. § 1225(b)(2)(A)).

In *Hernandez Alvarez*, the petitioners "entered the United States without inspection." *Id.* at 1263. They "were never granted lawful entry," but they also never sought lawful entry, applied for lawful entry, or took "any cognizable step to obtain the rights and privileges of lawful entry." *Id.* at 1269. Rather, the *Hernandez Alvarez* petitioners "were only present in the country [and] were not seeking or pursuing any object, let alone 'lawful entry.'" *Id.* But these facts are distinguishable from the facts in this case. Here, unlike in *Hernandez Alvarez*, Petitioner presented himself for inspection at the border and affirmatively applied for admission. Because he was not clearly and beyond a doubt entitled to be admitted, Customs and Border Control initiated removal proceedings. Those removal proceedings are still pending. And although § 1225(b)(2) mandates detention pending removal under such circumstances, Petitioner was granted parole into the United States under 8 U.S.C. § 1182(d)(5)(A), which permits discretionary parole on a case-by-case basis under some circumstances for "any alien applying for admission to the United States, *but such parole of such alien shall not be regarded as an admission of the alien*." 8 U.S.C.A. § 1182(d)(5)(A) (emphasis added). Because Petitioner affirmatively applied for admission and is still actively pursuing admission in his removal proceedings, the Court finds that he is

an "alien seeking admission" within the meaning of § 1225(b)(2) and is thus subject to mandatory detention.[1]

Petitioner's discretionary parole pending removal proceedings does not change this analysis. The Court previously concluded where an alien affirmatively applies for asylum, he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) while his asylum claim is considered—and if he is released on discretionary parole pending that decision, that does not constitute a waiver of the Government's right to detain him under the statute. *P.R.S. v. Streeval*, No. 4:25-CV-330, 2025 WL 3269947, at *2 (M.D. Ga. Nov. 24, 2025) (discussing case of G.A.G.C.). The Court finds that Petitioner's situation in this case is analogous to G.A.G.C.'s circumstances. Again, Petitioner presented himself for inspection at the border and affirmatively applied for admission. His removal proceedings are still pending, and Petitioner has not abandoned his pursuit of admission. The Government's grant of parole does not mean that Petitioner has been "admitted" or is no longer "seeking admission." Furthermore, the Government's grant of parole is not a waiver of the Government's right to detain Petitioner. Rather, the parole is

[1] The undersigned recognizes that another judge in this District reached the opposite conclusion in *B.A.M.A. v. Warden, Irwin Cnty. Det. Ctr.*, No. 7:26-CV-95-WLS, 2026 WL 1362520, at *2 (M.D. Ga. May 13, 2026), finding that an alien who applied for admission at the border and was paroled pending removal proceedings was not seeking admission at the time of his arrest. The undersigned respectfully disagrees with that ruling for the reasons stated in this Order.

discretionary during removal proceedings and may be ended when its purposes have been served. 8 U.S.C. § 1182(d)(5)(A).

CONCLUSION

As explained above, the Court denies Petitioner's application for habeas relief (ECF No. 1) to the extent that Petitioner has not established that he is entitled to a bond hearing. All other pending motions are terminated as moot. The remaining issue presented by Petitioner's habeas petition is whether Petitioner's parole was unlawfully revoked. The Court remands this action to the Magistrate for further consideration of that issue.

IT IS SO ORDERED, this 9th day of September, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA